# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5673 | **DATE** | 12/1/2000 |
| **CASE TITLE** | Joseph F. Sangirardi vs. Village of Stickney et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Defendants' motion to dismiss [43-1] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | DEC 0 4 2000 date docketed | | 55 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 DEC -1 PM 4:16 | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH F. SANGIRARDI, )
)
Plaintiff, )
)
v. ) No. 98 C 5673
)
) Judge Wayne R. Andersen
VILLAGE OF STICKNEY, Illinois, )
and JOHN ZITEK, individually and )
in his official capacity as CHIEF of )
POLICE of the STICKNEY POLICE )
DEPARTMENT, )
)
Defendants. )

DOCKETED
DEC 04 2000

## MEMORANDUM OPINION AND ORDER

Defendants the Village of Stickney, John Zitek, and three Board members Edwin Noska, James Bernard, and Fred Schimel, individually and in their capacity as members of the Board of Fire and Police Commissioners of the Village of Stickney, ("defendants"), have filed a motion to dismiss Count VI of Joseph Sangirardi's ("plaintiff") Second Amended Complaint. For the following reasons stated in this opinion, the motion is granted in part and denied in part.

## BACKGROUND

In the Second Amended Complaint, plaintiff alleges he was employed as a police officer for the Village of Stickney ("Village"). On December 2, 1996, he was diagnosed with brain cancer. After treatment, surgery, and a full recovery, Sangirardi returned to work as a police officer for the Village without restrictions pursuant to a release by his

physician. In June 1998, John Zitek, Chief of Police for the Village ("Chief"), submitted a letter and materials to the Board of Fire and Police Commissioners of the Village ("Board") in which he alleged that plaintiff had committed various acts of misconduct. The alleged misconduct by Sangirardi included (1) a lack of understanding and consideration when dealing with juveniles defenders; (2) an inability to accept advice from supervisors; (3) poor judgment in performing duties; (4) difficulty in making a good impression with the public; and (5) violations of the fairness and impartiality provisions of the Code of Ethics. The Chief requested professional counseling and/or disciplinary action for Sangirardi. The Board by its members Edwin Noska, James Bernard, and Fred Schimel, found that a psychological investigation, a written letter of apology, and further disciplinary action were warranted against Sangirardi. Thereafter, in September, Sangirardi submitted to a psychological investigation.

Later in September 1998, the Chief again submitted a letter and materials to the Board alleging further misconduct by Sangirardi. In addition, the Chief ordered Sangirardi to disclose the results of his psychological evaluation. Without a hearing or notice, the Board suspended Sangirardi without pay. On November 9, the Board convened a hearing on the charges filed against Sangirardi wherein his removal from his employment was sought, which led to an order of termination of Sangirardi's employment with the department.

Sangirardi filed an action against the Village and the Chief for discrimination based on his cancer, and against the Village, the Chief, the Board, Noska, Bernard, and Shimel for conspiracy to deprive him of his civil rights. Counts I, II, and III were directed against the Village and the Chief for alleged violations of the ADA. Count IV

was directed against all the defendants and alleged a cause of action for conspiracy to deprive the plaintiff of his civil rights. On November 15, 1999, this court found that plaintiff's allegations in Counts I, II, and III could not be asserted against the defendants because they enjoyed absolute immunity for their actions. See Sangirardi v. Village of Stickney, 1999 WL 1045223 (N.D. Ill. Nov. 15, 1999). The court further held that the Board members enjoyed absolute immunity for any allegations that they conspired to deprive plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3) contained in Count IV, but ruled that the Village could potentially be held responsible if the Chief were found to have so conspired. Id.

Sangirardi then filed the Second Amended Complaint action against the Village, the Chief, and the Board's three members Edwin Noska, James Bernard, and Fred Shimel. In Count VI, which is directed at all the defendants, plaintiff has alleged that his due process rights were violated and has sued defendants for this alleged constitutional violation pursuant to 42 U.S.C. § 1983. Defendants have moved to dismiss this Count.

## DISCUSSION

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure (12)(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. Jones v. General Electric Co., 87 F.3d 209, 211 (7th Cir. 1996); Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is properly granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting Hishon v. Kling & Spalding, 467 U.S. 69, 73 (1984)).

In Count VI of plaintiff's Second Amended Complaint, he claims that all of the defendants deprived him of property and liberty interests without due process of the law in violation of 42 U.S.C. § 1983. Specifically, he claims that his right to procedural due process under the Fourteenth Amendment was violated when he was terminated from his job without a hearing or notice. Plaintiff further alleges that the Board members should not be afforded absolute immunity because he has alleged they acted outside their judicial functions. We disagree.

We previously found that the Board members were immune from suit when plaintiff alleged the following: (1) ex parte communications between the Board and the Chief, (2) secret undisclosed previews by Board members of later-filed disciplinary charges, (3) submissions by the Chief of prejudicial, inflammatory, and inadmissible documents accepted and reviewed by the Board members, (4) repeated violations of the Open Meetings Act, (5) the Board failed to disclose their prior knowledge of the disciplinary charges filed against Sangirardi; (6) Noska's unilateral suspension order was issued on behalf of the Board in violation of the Open Meetings Act, and (7) Sangirardi's suspension occurred without a hearing or notice. See Sangirardi v. Village of Stickney, 1999 WL 1045223 (N.D. Ill. Nov. 15, 1999). Sangirardi has now alleged the following: (1) the Board members exchanged information with Zitek before any formal charges were filed, (2) they met secretly in violation of the Open Meetings Act, (3) they suggested to Zitek that Sangirardi should get psychological testing, and (4) they encouraged Zitek to institute formal written disciplinary charges against plaintiff. We see no substantive difference between these allegations and those we already have ruled upon and, therefore, we hold that the Board members have absolute immunity for the

4

actions plaintiff alleges they took in Count VI as Board members. Therefore, we dismiss Count VI in so far as it alleges a constitutional violation on the part of the Board members. However, the Village and the Chief do not share this immunity and still may be found liable for alleged violations of due process if plaintiff has stated a proper claim.

Defendants next argue that plaintiff has insufficiently alleged the element of constitutional due process under Section 1983. To establish a claim pursuant to Section 1983, plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 532 (1981). Defendants argue that plaintiff has failed to properly plead that the Village acted under color of law or that the Chief took any action toward the decision to terminate plaintiff, and, therefore that plaintiff has failed to allege that plaintiff's alleged violation was the result of an official policy or custom, which is necessary to establish a cause of action under 42 U.S.C. § 1983. Defendants are incorrect. Plaintiff has alleged, "[a]t all times relevant hereto, the Chief's actions were actions taken under the color of law and with the knowledge and consent of defendant Village. The actions of the defendant Chief are attributable to himself and the defendant Village. At all times hereto, the defendant Chief possessed final policy-making authority for the defendant Village." See Second Amended Complaint, P 2. This allegation is sufficient to plead a cause of action pursuant to Section 1983. See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).

Plaintiff alleges that he was deprived of his property, liberty and due process of law in violation of the Fourteenth Amendment. To succeed a due process claim, plaintiff

5

must show that defendants have "(1) deprived him of an interest in liberty or property (2) without providing constitutionally required procedural protections." See generally Matthews v. Eldridge, 424 U.S. 319 (1976); Board of Regents v. Roth, 408 U.S. 564 (1972).

"Property" is defined as something which plaintiff is securely entitled to under state or local law. Reed v. Village of Shorewood, 704 F.2d 943, 948 (7th Cir. 1983). Defendants argues that plaintiff has not sufficiently plead a property right. However, under the Illinois Board of Fire and Police Commissioners Act, a person employed by the Board has "a property interest in employment entitled to constitutional protection." 65 ILCS 5/10-2.1-17. Thus, plaintiff has a property interest in his continued employment, which he properly has pleaded.

Plaintiff further alleges that the Village and the Chief, in their official capacity, have failed to provide plaintiff with the procedural due process to which he was entitled under the Board of Fire and Police Commissioners Act before taking away his employment. Second Amended Complaint, P 14. Contrary to defendant's assertion, plaintiff's bare allegation that defendants deprived him of his property right satisfies the liberal notice pleading standard provided in the Federal Rules. We note, however, that the Board of Fire and Police Commissioners Act merely requires that plaintiff received a hearing prior to termination. If, as the Board asserts, this in fact was provided to plaintiff, plaintiff's claim ultimately may fail. However, we may not consider facts outside the allegations of the Complaint to decide a motion to dismiss. Therefore, we cannot grant the motion on this ground.

Finally, defendants argue that even if plaintiff has pleaded a valid constitutional claim; we should abstain from exercising jurisdiction until the plaintiff has pursued his remedies in the state courts. However, plaintiff is not required to exhaust his state remedies before bringing a Section 1983 action. McNeese v. Bd. of Educ., 373 U.S. 668, 674 (1963). Even assuming that plaintiff has an available state remedy, he is not required to wait before bringing a Section 1983 action. See Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498 (1990). Therefore, we will not grant the motion on this basis.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part.

_____
Wayne R. Andersen
United States District Judge

Dated: November 30, 2000