## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5673 | **DATE** | 4/28/2003 |
| **CASE TITLE** | Joseph R. Sangirardi vs. Village of Stickney et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Defendants' motion for summary judgment [60-1] is granted in part and denied in part. A status hearing is set 5/22/2003 @ 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 1 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAY -1 AM 8:14 | | |
| | TSA courtroom deputy's initials *tal* | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH R. SANGIRARDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 98 C 5673 | |
| | ) | |
| VILLAGE OF STICKNEY, Illinois; and | ) Wayne R. Andersen | |
| JOHN ZITEK, individually and in his | ) District Judge | |
| official capacity as Chief of Police for | ) | |
| the Village of Stickney, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
MAY 0 1 2003

## MEMORANDUM, OPINION AND ORDER

Joseph F. Sangirardi ("Sangirardi") sued defendants Village of Stickney (the "Village") and John Zitek ("Chief"), who is the Chief of Police for the Village of Stickney, Illinois for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., violation of 42 U.S.C. § 1985(3) and violation of 28 U.S.C. § 1983 in connection with his discharge. Defendants have moved under Fed. R. Civ. P. 56 for summary judgment. For the following reasons, we grant in part and deny in part the motion for summary judgment.

## BACKGROUND

Sangirardi began his employment as a patrolman at the Village of Stickney Police Department on July 1, 1988. On December 2, 1996, he was diagnosed with cancer and subsequently took a leave of absence from the Police Department to have a cancerous brain tumor removed. On April 14, 1997, Sangirardi returned to work for the Village without restrictions. After returning to work for the Village, Sangirardi was removed from his assignment as detective, removed from the heavy weapons team, removed from assignment to



the bicycle unit, removed from his assignment as a field training officer, and prohibited from having "ride-along" personnel in his patrol vehicle.

On January 2, 1998, Sangirardi was written up by one of his superior officers for violating the Police Officer's Code of Conduct, although Sangirardi's complaint is vague as to the precise violation. On June 15, 1998, the Chief submitted complaints and documents to the Board of Fire and Police Commissioners ("Board") alleging misconduct on Sangirardi's part and requesting appropriate professional counseling and/or disciplinary action. After meeting to review the Chief's complaint, the Board held that a psychological evaluation was warranted and ordered Sangirardi to undergo the test. Sangirardi filed a disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on August 13, 1998 alleging disability discrimination by the Chief. On September 10, 1998, Sangirardi filed this action in the federal district court.

While this case was pending, Sangirardi eventually submitted to a psychological examination on September 15, 1998 after three canceled attempts. Six days later, Sangirardi filed another charge of discrimination with the Illinois Department of Human Rights and the EEOC, alleging retaliation in violation of the ADA. On September 23, 1998 and October 15, 1998, the Chief filed additional complaints with the Board citing numerous occasions of alleged misconduct by Sangirardi. After receiving the results of his psychological examination, Sangirardi disclosed those results to the attorney who represented the Chief and the Village of Stickney as well as to Sangirardi's attorney, but he refused to disclose them to the Chief. Thereafter, the Chief, on October 10, 1998, ordered Sangirardi to disclose the results of his psychological examination. When Sangirardi refused to provide the Chief with access to the

2

results in direct violation of the order, the Chief filed disciplinary charges with the Board and the Board suspended Sangirardi without pay pending a hearing regarding the disciplinary charge. On October 23, 1998, the Board amended its previous order and reinstated Sangirardi's pay during his suspension.

Between November 9, 1998 and February 17, 1999, the Board conducted disciplinary hearings regarding Sangirardi's incidents of alleged misconduct. At the hearing, both Sangirardi and the Village were able to call witnesses to testify on their behalf. At the conclusion of the hearings, on February 17, 1999, the Board issued a final administrative decision discharging Sangirardi from employment as a police officer for the Village.

On March 24, 1999, Sangirardi filed a Complaint for Administrative Review in the Circuit Court of Cook County, Chancery Division ("state court") against the Village, the Chief, the Board, and individual Board members. On March 28, 2002, Judge Schiller, after fully examining the record of the disciplinary hearings, affirmed the decision of the Board to discharge Sangirardi from the Stickney Police Department. In ruling on the merits of the case, Judge Schiller wrote, "First, the Court finds that the Board's factual findings and decision were not against the manifest weight of the evidence. Second, the Chief's order was not contrary to law. . . . Third, the Board's conduct did not violate the due process requirements. Fourth, the Board's decision to discharge Sangirardi was not arbitrary, unreasonable or unrelated to the requirements of service." Sangirardi v. Village of Stickney, No. 99 CH 04479 (Circuit Court of Cook County, Chancery Division 2002).

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Salima v. Scherwood South, Inc., 38 F.3d 929, 932 (7th Cir. 1994). The moving party bears the burden of demonstrating that there is an absence of evidence to support the position of the nonmoving party. Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 442-43 (7th Cir. 1994). When ruling on a motion for summary judgment, even though all reasonable inferences are drawn in favor of the party opposing the motion, Associated Milk Producers, Inc. v. Meadow Gold Dairies, Inc., 27 F.3d 268, 270 (7th Cir. 1994), if the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. Liberty Lobby, 477 U.S. at 249-50; Unterreiner v. Volkswagen, Inc., 8 F.3d 1206, 1212 (7th Cir. 1993). These pronouncements apply with added rigor in employment discrimination cases, where issues of intent and credibility often dominate. Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir. 1993).

Defendants raise three arguments in support of their summary judgment motion. First, defendants argue that Sangirardi's claims in this Court are barred by *res judicata*. Next, defendants argue that Sangirardi failed to prove a violation of § 1983 and § 1985 because he has not shown that a policy or practice was a direct cause of the alleged constitutional violations. Finally, defendants argue that Sangirardi's civil rights claims are preempted by the ADA. We will address the *res judicata* argument first, for if it is well founded, judgment must be entered in defendants' favor and we need not address the remaining arguments.

I. Sangirardi's § 1983 Due Process and § 1985 Conspiracy Claims

Federal courts must give state court judgments the same preclusive effect a state court

would have given them as long as the party against whom the earlier decision is asserted as a bar was given a full and fair opportunity to litigate the claim. 28 U.S.C. § 1378. Thus, the analysis here has two steps. First, we must determine whether "the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action." Welch v. Johnson, 907 F.2d 714, 719 (7th Cir. 1990) (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481-82 (1982)). Second, we must determine whether Sangirardi had a full and fair opportunity to litigate his claims in state court. Id.

> A. Illinois Law Bars A Subsequent State Action By Sangirardi On His Due Process and Conspiracy Claims

Sangirardi raised his due process and conspiracy claims in his state court action thereby barring the adjudication of the same claim in this federal proceeding.

> Res Judicata and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature. After review of an administrative decision, the reviewing court's judgment is res judicata as to all issues raised before it, and all issues, which could have been raised before it on the record but were not, are deemed waived.

Powers v. Arachnid, Inc., 617 N.E.2d 864, 867 (Ill. App. 2d Dist. 1993) (citations omitted). Illinois gives preclusive effect to a state court's final judgment entered on the merits when there is both identity of the cause of action and of the parties or their privities. River Park v. Highland Park, 703 N.E.2d 883 (Ill. 1998); Downing v. Chicago Transit Auth., 642 N.E.2d 456, 458 (Ill. 1994). "If both actions arise out of the same group of operative facts, the doctrine of *res judicata* bars the second suit." Pirela v. Village of North Aurora, 935 F.2d 909, 912 (7th Cir. 1991). Once those requirements are met, "the doctrine of *res judicata* extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it." Torcasso v. Standard Outdoor Sales, Inc., 626 N.E.2d 225, 228 (Ill.

5

1993).

The resolution of this issue thus depends on whether the administrative proceeding, the state court action, and this federal lawsuit arise out of the same transaction or same set of operative facts. In this case, Sangirardi was given an administrative hearing. Sangirardi claims that during the hearing, the Chief submitted various materials to the Board in an attempt to prejudice the Board against Sangirardi and that the Defendants engaged in *ex parte* communications with the Board.

Sangirardi's Complaint for Administrative Review in the state court raised allegations of conspiracy and due process violations based on the Chief's alleged *ex parte* communications with the Board and the Board's receipt of, and reliance upon, various documents submitted to it by the Chief. In Counts IV and VI of his Second Amended Complaint filed in this Court, Sangirardi makes the same allegations. Therefore, Sangirardi's §1983 due process claim and his § 1985 conspiracy claim are barred because they were raised in, and addressed by, the state court action for administrative review. The state court specifically decided these issues and held that "the Board's conduct did not violate the due process requirements." Sangirardi v. Village of Stickney, No. 99 CH 04479 (Circuit Court of Cook County, Chancery Division 2002).

For these reasons, we find that Sangirardi's due process and conspiracy claims raised in this federal action arise out of the same set of operative facts as those presented in the state court proceedings.

### B. Sangirardi Had A Full And Fair Opportunity To Litigate His Due Process and Conspiracy Claims In The State Court

Notwithstanding our conclusion that Sangirardi's claims of due process violations and conspiracy raised in this Court constitute the same cause of action as was raised in the state court

6

action for administrative review, Sangirardi's federal suit is not necessarily barred by *res judicata*. "[N]o decision may constitute *res judicata* . . . if the party against whom it is asserted has not had a full and fair opportunity to litigate his claims." Lee v. Peoria, 685 F.2d 196, 201 (7th Cir. 1982). Therefore, Sangirardi's federal claims of due process violations and charges of conspiracy are not barred if he lacked a full and fair opportunity to raise these claims before the Board or the state court. See Pirela v. Village of North Aurora, 935 F.2d 909, 913 (7th Cir. 1990).

Sangirardi argues that he did not have a full and fair opportunity to litigate his due process and conspiracy claims because the state court never provided any basis for its findings in its opinion. However, Judge Schiller reviewed the entire administrative record and specifically issued a ruling on the due process issue on its merits. Judge Schiller specifically held that "the Board's conduct did not violate the due process requirements." Thus, these claims were raised by Sangirardi during the state court proceedings, and they specifically were addressed by the state court.

For these reasons, we find that Sangirardi was given an opportunity to fully and fairly litigate his due process claims in the state court proceeding. The state court decision against him, therefore, serves to bar Counts IV and VI of the federal complaint under principles of *res judicata*. Thus, we need not reach the issue of whether Sangirardi proved a violation of § 1983 and § 1985 by showing that a policy or practice that was a direct cause of the alleged constitutional violations or whether Sangirardi's civil rights claims are preempted by the ADA.

II. Sangirardi's ADA Claims

With regard to Sangirardi's ADA claims, however, Sangirardi's claims are not barred by

7

*res judicata*. Sangirardi filed his first Complaint in this Court on September 10, 1998, before the administrative hearing began its proceedings on November 9, 1998. The law remains unclear as to whether an ADA plaintiff waives his right sue his employer if he fails to assert discrimination as a defense in his disciplinary hearing when he has a federal ADA lawsuit already pending. Thus, it would be unjust to bar the plaintiff's ADA claims simply because his attorney did not raise discrimination as a defense during his disciplinary proceeding when he had a federal ADA lawsuit already pending. It would have been reasonable for Sangirardi's attorney to have chosen not to raise the discrimination issue in the administrative hearing, while the federal action was pending, to avoid *res judicata* barring the federal action once the administrative proceeding had issued its final determination. Once again, this issue turns on the fact that Sangirardi filed his federal complaint prior to the Board's decision to conduct a disciplinary hearing. However, it does appear that Sangirardi might not be able to claim damages subsequent to his discharge because his discharge was upheld in the State court proceeding.

For these reasons, we find that Sangirardi's ADA claims are not barred by res judicata and defendants' motion for summary judgment regarding these claims, Counts I, II, III, and V, is denied.

## CONCLUSION

Because *res judicata* bars the plaintiff's due process and conspiracy claims but not his ADA claims, the defendants' motion for summary judgment is granted in part and denied in part (# 60-1). We grant defendants' motion for summary judgment on Counts IV and VI, and judgment is hereby entered in favor of defendants Village of Stickney, and John Zitek on Counts IV and VI. Defendants' motion for summary judgment is denied as to Counts I, II, III, and V. A

8

status hearing is set for May 22, 2003 at 10:00 am.

_____
Wayne R. Andersen
United States District Judge

Dated: *April 28, 2003*